```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
IN RE: DIET DRUGS (PHENTERMINE/     :
FENFLURAMINE/DEXFENFLURAMINE)       :
PRODUCTS LIABILITY LITIGATION       :   MDL DOCKET NO. 1203
                                    :
THIS DOCUMENT RELATES TO:           :
_____ :
                                    :
MARTINEZ, et al.,                   :
        Plaintiffs,                 :
     v.                             :
                                    :   CIVIL ACTION NO. 02-20135
WYETH, et al.                       :
        Defendants.                 :
_____ :
                                    :
MELDER, et al.,                     :
        Plaintiffs,                 :
                                    :
     v.                             :
                                    :   CIVIL ACTION NO. 02-20142
WYETH, et al.                       :
        Defendants.                 :
_____ :
```

**REPORT AND RECOMMENDATION NO. 13[1] OF THE
SPECIAL DISCOVERY MASTER (AS TO WYETH'S
<u>MOTION TO STRIKE IN THE MARTINEZ AND MELDER MATTERS</u>)**

I.   <u>INTRODUCTION</u>

Wyeth seeks an Order from this Court striking the experts of Plaintiffs Peggy Martinez, Marilyn Melder and Tefferny Perez (collectively the "Plaintiffs") because of their failure to comply with this Court's discovery deadlines and Federal Rule of Civil

---

[1] Previously, I designated my recommendations on discovery matters as Decisions and Recommendations. However, pursuant to amended Federal Rule of Civil Procedure 53, all further recommendations will be designated as Reports and Recommendations. Accordingly, this document is designated as Report and Recommendation No. 13, which follows Report and Recommendation No. 12. <u>See</u> Report and Recommendation No. 12, filed on April 26, 2004.

Procedure 26(a)(2).[2]  See Wyeth's Motion to Strike Plaintiffs' Marilyn Melder and Peggy Martinez's Expert Witnesses and to Bar Plaintiff Tefferny Perez from Designating an Expert ("Wyeth's Motion to Strike").  Wyeth contends that Plaintiffs' conduct was dilatory, in bad faith and severely prejudicial to Wyeth.

In response, Plaintiffs argue that while they failed to produce all of their expert reports on the dates required, their conduct was not in bad faith.  See Plaintiffs' Response to Wyeth's Motion to Strike ("Plaintiffs' Response").  Further, Plaintiffs assert that any prejudice suffered by Wyeth can be addressed by simply extending the discovery deadlines.[3]

For the reasons set forth hereafter, I recommend Wyeth's request for an Order striking Plaintiffs' experts be denied.  I recommend, however, that Plaintiffs' counsel be sanctioned in an amount to be determined by this Court for their dilatory conduct.

II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, represented by the law firm of O'Quinn, Laminack, and Pirtle (the "O'Quinn firm"), originally filed the Martinez and Melder matters in Louisiana state court.  Subsequently, the cases were removed to federal court, transferred to MDL No. 1203, and

---

[2]  Plaintiffs Peggy Martinez ("Martinez") and Tefferny Perez ("Perez") are Plaintiffs in the Martinez matter, and Plaintiff Marilyn Melder ("Melder") is a Plaintiff in the Melder matter.

[3]  In addition to reviewing the pleadings of the parties, I considered the arguments made by the parties in a March 19, 2004 Teleconference. See Transcript of March 19, 2004 Teleconference, attached hereto as Exhibit A.

assigned a Discovery Initiation Date of August 1, 2002. Pursuant to the established discovery deadlines, Plaintiffs were required to serve case-specific expert reports by November 1, 2002. Plaintiffs failed to meet this deadline.

On August 26, 2003, Wyeth notified Plaintiffs of their failure to provide expert reports as required, and offered to seek jointly an extension of discovery deadlines. See August 26, 2003 Letter from Meaghan Shauhnessy, Esquire to Plaintiffs' Counsel, attached as Exhibit 1 to Wyeth's Motion to Strike. On September 18, 2003, I granted the joint request of the parties for an extension, which required Plaintiffs to produce expert reports by September 30, 2003. See September 18, 2003 Letter from Gregory Miller, Esquire to the parties, attached as Exhibit 2 to Wyeth's Motion to Strike. Plaintiffs failed to meet this deadline.

On October 14, 2003, Wyeth notified Plaintiffs' counsel that it had not received the required expert reports and requested their immediate production. See October 14, 2003 Letter from Kerri Howe, Esquire to Rebecca Urrutia, Esquire, attached as Exhibit 3 to Wyeth's Motion to Strike. On October 22, 2003, Plaintiffs' counsel provided the so-called expert reports for two of the three Plaintiffs, Martinez and Melder. The report for Plaintiff Martinez failed to comply with Federal Rule of Civil Procedure 26 because it only contained an echocardiogram report by one of her treating physicians, Dr. Chester Falterman. See Plaintiff Martinez's Expert

Report, attached as Exhibit 5 to Wyeth's Motion to Strike. The expert report for Plaintiff Melder also failed to comply with Rule 26 because it only included a letter from Dr. Gabriel Lasala summarizing his interpretation of her echocardiogram. See Plaintiff Melder's Expert Report, attached as Exhibit 6 to Wyeth's Motion to Strike.

On October 28, 2003, Wyeth notified Plaintiffs' counsel of the deficiencies in the reports, and Plaintiffs' counsel's failure to provide a report for Plaintiff Perez. See October 28, 2003 Letter from Ann Levine, Esquire to Susan Earnest, Esquire, attached as Exhibit 4 to Wyeth's Motion to Strike. The specific deficiencies noted included: 1) Dr. Falterman's and Dr. Lasala's failure to provide an opinion on causation; 2) Dr. Falterman's failure to address Plaintiff Martinez's exposure to diet drugs; 3) Dr. Lasala's failure to address Plaintiff Melder's exposure to diet drugs; 4) the failure of both expert reports to comply with Rule 26 in that there was no disclosure of the "basis and reasons for [their] opinions" and the "data or other information considered by the witness[es] in forming [their] opinions." See id. Wyeth stated that if it did not receive compliant expert reports from all three Plaintiffs by November 5, 2003, it would move to strike Plaintiffs' expert reports. See id.

On December 9, 2003, after receiving no response to its letter, Wyeth filed its Motion to Strike. In its Motion, Wyeth

asserted that Plaintiffs' conduct was dilatory, in bad faith and prejudicial to Wyeth and, therefore, Plaintiffs' experts should be excluded. <u>See</u> Wyeth's Motion to Strike at 5-7. Plaintiffs' response to Wyeth's Motion to Strike was due on or about December 23, 2003. In January 2004, upon determining that Plaintiffs had not filed a response to Wyeth's Motion to Strike, the Special Master's Office contacted Plaintiffs' counsel regarding the same. Plaintiffs' counsel committed to filing a response promptly.

On January 30, 2004, Plaintiff Melder served a supplemental expert report, which included an opinion that Ms. Melder's "aortic regurgitation . . . could be secondary to anorexic drugs." <u>See</u> Exhibit 2 of Plaintiffs' Response. Also, Plaintiffs' counsel provided an expert report for Plaintiff Perez.[4] <u>See</u> Exhibit 4 of Plaintiffs' Response.

On February 9, 2004, Plaintiffs filed their Response to Wyeth's Motion to strike asserting that although the production of Plaintiff Perez's expert report was untimely, Plaintiffs Martinez and Melder's expert reports were timely. Additionally, Plaintiffs argued that their conduct was not in bad faith. <u>See</u> Plaintiffs' Response at 1-6. Accordingly, Plaintiffs request that Wyeth's

---

[4] Wyeth believes that Plaintiff Perez's expert report is Rule 26-compliant. However, Wyeth believes that Plaintiff Melder's supplemental expert report was still deficient on the issue of causation. <u>See</u> Wyeth's Reply to Plaintiffs' Response to Wyeth's Motion to Strike Plaintiffs Marilyn Melder's and Peggy Martinez's Expert Witnesses and to Bar Plaintiff Tefferny Perez from Designating an Expert ("Wyeth's Reply") at 4.

Motion to Strike be denied and additional time be given to complete discovery. See id. On February 23, 2004, Wyeth filed a Reply contending that Plaintiffs' reports were not timely and were legally insufficient on the issue of causation.[5]

On April 8, 2004, Plaintiff Melder served a second supplemental expert report. In this report, Plaintiff Melder's expert states "there is a reasonable, medical probability that [Ms. Melder's] aortic insufficiency is due to anorexic drugs." [6] See Plaintiff Melder's Second Supplemental Expert Report, attached hereto as Exhibit C.

III. DISCUSSION

Wyeth's request for an order striking Plaintiffs' expert witnesses must be evaluated under the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). In

---

[5] Wyeth makes the additional argument in its Reply that this Court should not consider Plaintiffs' Response because it is untimely. See Wyeth's Reply at 1. Accordingly, Wyeth contends that the Court should grant its Motion as unopposed pursuant to Local Rule of Civil Procedure 7.1(c). See id. at 1-2. Wyeth asserts that Plaintiffs' Response was due within fourteen days of Wyeth's Motion, or December 23, 2003. See id. As Plaintiffs did not file their Response until February 9, 2004, and did not offer any explanation for its untimeliness, Wyeth maintains that this Court should decline to consider it and grant Wyeth's Motion. See id. Although Wyeth is correct that the Response was not timely, the severity of the sanction sought warrants, in my view, consideration of Plaintiffs' Response.

[6] On April 23, 2004, Wyeth sent correspondence to the Special Master contending that Plaintiff Melder should be prohibited from supplementing her expert report for a second time since it was six months overdue. See April 23, 2004 Letter from David Neslin to Gregory Miller, attached hereto as Exhibit B.

Poulis, the Third Circuit listed six factors a district court must consider when requested relief would effectively result in a dismissal. See Poulis, 747 F.2d 863, 868.[7] The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) the party's history of dilatoriness; (4) whether the conduct of the party's attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. See id. at 868.  Wyeth contends that an Order from this Court striking Plaintiffs' expert witnesses is warranted under these factors.  See Wyeth's Motion to Strike at 7.

    A.   Analysis of Poulis Factors

Of the six factors discussed in Poulis, I believe Wyeth has established two factors: (1) Plaintiffs' history of dilatoriness; and (2) prejudice to Wyeth.  These two factors alone warrant the imposition of a sanction.[8]

    1.   History of Dilatoriness

Plaintiffs have demonstrated dilatoriness during the history

---

[7] If Wyeth obtained its requested relief in the instant matters, Plaintiffs would be left without evidence on causation. As such, Plaintiffs' cases would be ripe for dismissal.

[8] A Poulis analysis requires a balancing of all the factors. See Estate of Leon Spear v. Commissioner of I.R.S., 41 F.3d 103, 111 (3d Cir. 1994). Thus, "[n]ot all of these factors need be met for a . . . court to find that [a sanction] is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

of this litigation. For example, Plaintiffs failed to provide expert reports by November 1, 2002, pursuant to their original discovery deadline. They subsequently failed to provide expert reports by September 30, 2003, under their revised discovery deadline. Plaintiffs Martinez and Melder provided their expert disclosures on October 22, 2003, three weeks after the revised deadline. On October 28, 2003, Wyeth informed Plaintiffs Martinez and Melder that their expert reports were deficient, and reminded Plaintiff Perez that her report was still due. On January 30, 2004, over three months later, Plaintiff Perez finally submitted an expert report and Plaintiff Melder supplemented her expert report. Plaintiff Martinez's report remains deficient even though Plaintiffs' counsel conceded during the March 19, 2004 Teleconference that Martinez's expert report does not comply with Federal Rule of Civil Procedure 26.[9] See Exhibit A at 22:6-12. Plaintiffs' counsel also acknowledged that Plaintiffs Melder and Perez did not submit compliant expert reports until January 30, 2004.[10] See Exhibit A at 25:11-16.

---

[9] According to Plaintiffs' counsel, Plaintiff Martinez's expert, Dr. Falterman, inadvertently destroyed the echocardiogram tape. See Exhibit A at 16:21-17:6. Neither Wyeth nor I was aware that this tape was destroyed until the Teleconference on March 19, 2004. Plaintiffs had an obligation to inform Wyeth about the destroyed tape prior to March 19, 2004.

[10] Wyeth disputes that Plaintiff Melder's expert report was compliant by January 30, 2004, because Dr. Lasala's opinion that Melder's aortic regurgitation "could be" secondary to anorexic drugs is legally insufficient. See Wyeth's Reply at 4. Wyeth

In my view, Plaintiffs' counsel's conduct was dilatory in producing compliant expert reports. Further, Plaintiffs' counsel's failure to communicate with opposing counsel and my office only compounded the situation. Indeed, Plaintiffs' counsel offered during the Teleconference that "in hindsight we probably should have gotten in here and asked for time." See Exhibit A at 24:8-9. In Multi-district Litigation of this size and scope, communication with opposing counsel and with my office regarding discovery issues is absolutely necessary if discovery is to proceed in an efficient manner. Accordingly, I believe this factor weighs in favor of Wyeth.

2. Prejudice

In my view, Wyeth has been prejudiced by Plaintiffs' actions. In addition to the burden of filing its Motion to Strike and a Reply, Wyeth contacted my office and Plaintiffs' counsel on a number of occasions in an attempt to obtain Plaintiffs' compliance with discovery deadlines and Federal Rule of Civil Procedure 26(a)(2). Wyeth was met with either non-response or incomplete documentation from Plaintiffs. Plaintiffs failure to communicate

---

maintains that it is settled law that causation must be proved by a preponderance of the evidence, and Dr. Lasala's opinion fails to carry that burden as a matter of law. See id. Be that as it may, I do not find Plaintiffs' counsel's statement credible that Melder submitted a compliant expert report by January 30, 2004, when on April 8, 2004, Melder submitted a second supplemental expert report. See Exhibit C. Wyeth does not contend Plaintiff Melder's second supplemental expert report is non-compliant, only that it should be excluded because it was untimely.

also caused both Wyeth and my office to expend unnecessary resources. Additionally, Wyeth has been hindered in its ability to prepare its experts adequately because of Plaintiffs' conduct. Finally, Wyeth's prejudice continues until the present time in that Plaintiff Martinez's expert report remains non-compliant. Accordingly, I believe this factor weighs in favor of Wyeth.

### 3. Other Poulis Factors

There are four other Poulis factors including: (a) bad faith; (b) meritoriousness of claims; (c) Plaintiffs' personal responsibility; and (d) effectiveness of alternative sanctions. In my view, Wyeth has not established that any of the other factors weigh in its favor.

#### a. Bad Faith

I do not believe Wyeth has met its burden of demonstrating bad faith on the part of Plaintiffs' counsel. During the Teleconference, Plaintiffs' counsel acknowledged that they should have complied with the September 30, 2003 deadline, and that they should have requested more time because they had difficulty in getting their experts to produce reports in a timely fashion. See Exhibit A at 23:24-25, 24:8-11. Plaintiffs' counsel's statements do not indicate intentional conduct on their part with respect to the delay in submitting compliant reports. The O'Quinn firm handles a large volume of plaintiffs, and the most plausible reason for the firm's failure to submit timely expert reports is this

caseload. Accordingly, I do not believe this factor weighs in favor of Wyeth.

          b.   <u>Meritoriousness of Claims</u>

In my view, Wyeth failed to meet its burden in demonstrating that Plaintiffs' claims lack merit.  During the Teleconference, Wyeth argued that Plaintiffs Martinez and Melder claims did not appear to be meritorious based on their deficient expert reports. <u>See</u> Exhibit A at 13:23-14:6.  Plaintiffs argued that their echocardiograms show FDA-positive regurgitation and thus, they may pursue claims against Wyeth as intermediate opt-outs.  <u>See</u> <u>id.</u> at 32:9-18.  With no other evidence upon which I can rely, I cannot determine for certain whether Plaintiffs' claims lack merit. Accordingly, this factor does not weigh in favor of Wyeth.

          c.   <u>Plaintiffs' Personal Responsibility</u>

Wyeth takes no position regarding whether Plaintiffs are personally responsible for the non-compliant and delayed expert reports submitted on their behalf.  Thus, this factor does not weigh in favor of Wyeth.

          d.   <u>Effectiveness of Alternative Sanctions</u>

Wyeth argues that the only effective sanction against Plaintiffs is to exclude their expert reports.  While I believe that a sanction is warranted due to Plaintiffs' conduct, exclusion of Plaintiffs' expert reports is not the only effective sanction. Indeed, the exclusion of evidence is an extreme measure to be used

only in the most egregious cases. See Sheppard v. Glock, 176 F.R.D. 471, 473 (E.D. Pa. 1997)(stating that "the exclusion of evidence is an extreme sanction") (internal quotations omitted). It is likely that exclusion of Plaintiffs' expert reports would result in the dismissals of their cases. This is unwarranted given my belief that Plaintiffs' counsel's conduct, although dilatory, was unintentional. See id. at 473 (recognizing that "when evidence preclusion is tantamount to a dismissal . . . preclusion is proper only when dismissal would be proper as well") (citations omitted). Further, Plaintiffs did not contribute to the dilatory conduct of their counsel. As such, if Plaintiffs' expert reports were excluded, Plaintiffs would be punished for the actions of their counsel. Accordingly, because I believe there is an alternative, more effective sanction than exclusion, see infra, Section 3.B., this factor does not weigh in favor of Wyeth.

    B.   Alternative Sanction

Federal Rule of Civil Procedure 16(f) provides that the Court may impose monetary sanctions if a party's attorney fails to "obey a scheduling or pretrial order . . . ." See Fed.R.Civ.P. 16(f). In the instant matters, Plaintiffs have consistently failed to meet the scheduling deadlines established for their cases. For example, Plaintiffs first failed to provide expert reports by November 1, 2002, the original expert report deadline. Then, Plaintiffs failed to provide expert reports by the revised expert report deadline,

September 30, 2003. Plaintiffs Martinez and Melder subsequently provided non-compliant expert reports three weeks later. Over three months later, and four months after the revised deadline, Plaintiff Perez provided her compliant expert report. Over two months later, and over six months after the revised deadline, Plaintiff Melder supplemented her expert report for the second time in an attempt to make it compliant. Further, nine months have passed and Plaintiff Martinez still has not submitted a compliant expert report.

In my view, Plaintiffs' actions warrant the application of a monetary sanction on the O'Quinn firm pursuant to Rule 16(f). I believe that the imposition of a sanction would deter other litigants in MDL No. 1203 from engaging in similar dilatory behavior.

IV. RECOMMENDATION

In my view, some sanction should be imposed on Plaintiffs' counsel. However, in applying the Poulis factors, I do not believe exclusion of the Plaintiffs' experts is warranted under the facts of this case. Therefore, I recommend that Wyeth's Motion to Strike be denied, and a monetary sanction in an amount to be determined by the Court be imposed. Further, I recommend that Plaintiff Martinez supplement her expert report to make it compliant with Federal Rule of Civil Procedure 26 within thirty days. If Plaintiff Martinez fails in this regard, I recommend that her expert report be

excluded.[11]

V. CONCLUSION

Any party wishing to appeal this Report and Recommendation No. 13 must file such appeal with the Court within seven (7) days of receipt, as permitted by the provisions of Pretrial Order No. 26.

SO RECOMMENDED:

---

GREGORY P. MILLER, ESQUIRE
SPECIAL DISCOVERY MASTER
MILLER, ALFANO & RASPANTI, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 972-6400

Dated: July 12, 2004

F:\PBL\GPM\fenphen.discovery\R&R's\R&R13.wpd

---

[11] My recommendation does not preclude Wyeth from making an application for attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for Plaintiffs failure to timely submit compliant expert reports.